NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 8 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENERGY INVESTMENTS, INC., a Colorado corporation and PINE PETROLEUM, INC., a North Dakota corporation, | No. 16-35245 |
| | D.C. No. 4:14-cv-00013-JTJ |
| Plaintiffs-Appellees, | MEMORANDUM* |
| v. | |
| GREEHEY & COMPANY, LTD., a Texas limited partnership, | |
| Defendant-Appellant. | |

| | |
|---|---|
| ENERGY INVESTMENTS, INC., a Colorado corporation and PINE PETROLEUM, INC., a North Dakota corporation, | No. 16-35256 |
| | D.C. No. 4:14-cv-00013-JTJ |
| Plaintiffs-Appellants, | |
| v. | |
| GREEHEY & COMPANY, LTD., a Texas limited partnership, | |
| Defendant-Appellee. | |

Appeal from the United States District Court

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Submitted December 6, 2017[**]
Seattle, Washington

Before:  O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

Greehey & Company, Ltd. ("Greehey") appeals the district court's partial grant of Energy Investments, Inc.'s and Pine Petroleum, Inc.'s (collectively "EII") summary judgment motion holding the Area of Mutual Interest Agreement ("AMI") unambiguously required Greehey to pay EII prospect fees for mineral acres acquired by Greehey or its agents.  EII cross-appeals the district court's denial of its motion for prejudgment interest.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment in No. 16-35245 and dismiss the cross-appeal in No. 16-35256.

Greehey argues the AMI for oil and gas leases contains a latent ambiguity because it does not contain language stating Greehey has to pay EII a prospect fee for Shale Prospects, nor does it describe the circumstances under which a fee must be paid.  However, the contract defines a prospect fee to mean "[a] fee of $50.00 per net mineral acre for all Oil and Gas Interest acquired by Greehey or [a] Greehey subsidiary (such as Shale Exploration) during the terms of this

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Agreement, payable to EII subject to the terms of this Agreement." The language of this provision is "reasonably susceptible to only one construction": that Greehey must pay EII $50 for each net mineral acre that is acquired by Greehey or Shale Exploration during the term of the AMI, even if EII did not contribute to securing the lease. *Mary J. Baker Revocable Tr. v. Cenex Harvest State Coop. Inc.*, 338 Mont. 41, 50 (2007). The district court properly "appl[ied] the language as written."[1] *Id.*

EII cross-appeals, arguing the district court erred in denying its request for prejudgment interest under Montana law. *See* Mont. Code Ann. § 27-1-211. The parties stipulated to the dismissal of all the remaining claims except for those covered by the partial summary judgment order. EII failed to preserve its claim for prejudgment interest and it was not part of the summary judgment order. Therefore, we dismiss the cross-appeal.

Each party shall bear its own costs. *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED. The cross-appeal is DISMISSED.**

---

[1] We do not reach Greehey's argument on parole evidence because we hold the AMI is unambiguous. *See Richards v. JTL Group, Inc.*, 350 Mont. 516, 522 (2009).